IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA    )
                            )
    v.                      )       Criminal Action NO.
                            )         2:94cr62-MHT
                            )           (WO)
FRANK SOWERS                )

OPINION AND ORDER

Pending before the court is defendant Frank Sowers's

self-styled motion for relief from judgment pursuant to

Fed.R.Civ.P. 60(b) and(d), by which he purports to

challenge judgments of this court entered on October 20,

2003, and August 9, 2007.[1]


I.    BACKGROUND

Sowers was convicted in this court in November 1994

for conspiracy to possess with intent to distribute

cocaine, in violation of 21 U.S.C. § 846 (Count 1 of the

_____

1.    The instant motion (Doc. No. 2016) was filed on
or around February 19, 2010.  On or around March 19, 2010
(Doc. No. 2018), Sowers filed an "Amended Memorandum of
Law" in support of the motion.

indictment), and three counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (Counts 5, 8, and 14). He was sentenced to a term of imprisonment of 360 months on Count 1 and to concurrent terms of 240 months on the remaining counts. The Eleventh Circuit Court of Appeals upheld his convictions and sentence, <u>United States v. Morrow</u>, 156 F.3d 185 (11th Cir. 1998) (table), and the United States Supreme Court denied certiorari review. <u>Sowers v. United States</u>, 526 U.S. 1009 (1999).

### A. § 2255 Motion I

On September 17, 1999, Sowers filed a motion under 28 U.S.C. § 2255 challenging his convictions and sentences. Case No. 2:94cr62 - Doc. No. 1301. He supplemented that motion on October 19, 1999. <u>Id</u>. - Doc. No. 1576. The § 2255 motion, as supplemented, sought relief based on allegations of ineffective assistance of counsel. On June 18, 2003, an evidentiary hearing, where Sowers was

represented by court-appointed counsel, was held on the allegations of ineffective assistance of counsel presented in Sowers's § 2255 motion. On July 17, 2003, the magistrate judge analyzed each of Sowers's claims and recommended that his § 2255 motion be denied. <u>Id</u>. - Doc. No. 1673. On October 20, 2003, this court adopted the recommendation of the magistrate judge and denied the § 2255 motion (hereinafter referred to as "§ 2255 Motion I"). <u>Id</u>. - Doc. No. 1731.

## B.    <u>§ 2255 Motion II</u>

On August 31, 2004, Sowers filed a motion, styled as a motion to vacate judgment pursuant to Fed.R.Civ.P. 60(b)(5) and (6) and asking this court to vacate its October 2003 judgment denying his § 2255 Motion I. Civil Action No. 2:04cv828 - Doc. No. 1. He asserted that such relief was warranted under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), which he claimed established that his convictions and sentence were constitutionally invalid.

3

On November 5, 2004, the magistrate judge found that Sowers's nominal "Rule 60(b) motion" was a successive § 2255 motion by which Sowers was actually challenging his 1994 convictions and sentence and not the October 2003 judgment denying his § 2255 Motion I. <u>Id</u>. - Doc. No. 2. Because Sowers had not obtained pre-certification from the Eleventh Circuit to file a successive § 2255 motion, the magistrate judge recommended that his motion be summarily dismissed.[2] <u>Id</u>. On December 8, 2004, this court adopted the recommendation of the magistrate judge

---

2.    The Antiterrorism and Effective Death Penalty Act provides that, to file a second or successive § 2255 motion in the district court, a petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

and denied the § 2255 motion (hereinafter referred to as "§ 2255 Motion II"). <u>Id</u>. - Doc. No. 5.


### C.   § 2255 Motion III

On June 7, 2007, Sowers filed a pleading styled as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b), again asking this court to vacate its October 2003 judgment denying his § 2255 Motion I, this time based on the alleged ineffective assistance of the counsel who represented him during the evidentiary hearing on § 2255 Motion I.  Case No. 2:94cr62 - Doc. No. 1900.  Again, the magistrate judge found Sowers's nominal Rule 60(b) motion to be a successive § 2255 motion by which he was actually seeking to reargue a claim challenging his 1994 convictions and sentence.[3]  <u>Id</u>. - Doc. No. 1904.  Because Sowers had not obtained pre-certification from the Eleventh Circuit to file a successive § 2255 motion, the magistrate judge

---

3.  <u>See</u> <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 532 n.5 (2005).

recommended that the motion, like his § 2255 Motion II, be summarily dismissed.  Id.  On August 9, 2007, the this courte entered a judgment adopting the recommendation of the magistrate judge and denying the § 2255 motion (hereinafter referred to as "§ 2255 Motion III").  Id. - Doc. No. 1908.

## II.    DISCUSSION

In his instant motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b) and (d) (Doc. No. 2016), Sowers contends that this court, in its judgments of October 20, 2003, and August 9, 2007, neglected to adjudicate a claim, which he says he presented in both the § 2255 Motion I and the § 2255 Motion III: that his trial counsel rendered ineffective assistance of counsel by telling him that the government had withdrawn a plea offer for a sentence of five years' imprisonment when the plea offer had not in fact been withdrawn.  Id. at 5-9. Sowers maintains that his trial counsel's erroneous

advice prevented him from making an informed and voluntary choice when deciding to proceed to trial instead of pleading guilty.  Id. at 6.  He further contends that this court's failure to address this claim when ruling on his § 2255 Motion I and his § 2255 Motion III constitutes a "fundamental defect" in the proceedings on those motions, justifying relief now under Rule 60(b).[4] Id. at 8.  He further argues that a "fraud was committed on the court" during the proceedings on his § 2255 Motion I, entitling him to relief under Rules 60(b)(3) and 60(d),[5] when his former trial counsel testified falsely at

_____

4.  Federal Rule of Civil Procedure 60(b) permits a litigant to move for relief from an otherwise final judgment in a civil case for a number of reasons, including "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  Rule 60(b) provides, in sum, the following six bases for relief:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment.

5.  Rule 60 was restructured effective December 1, 2007, to provide at 60(d)(3) that, "[t]his rule does not

(continued...)

the evidentiary hearing on his § 2255 Motion I that, after Sowers rejected the government's plea offer of five years' imprisonment, the government withdrew the offer and "replaced it" with a less favorable offer of a 12-year sentence. <u>Id</u>. at 10-13. Sowers maintains that the government also knowingly participated in the alleged fraud on the court by acquiescing in the presentation of false testimony from his former trial counsel. <u>Id</u>. at 11-12.

First, to the extent Sowers seeks relief under Fed.R.Civ.P. 60(b), the court finds that his motion is untimely, as it was filed more than five years after entry of the October 2003 judgment denying the § 2255 Motion I and more than two years after entry of the June 2007 judgment denying the § 2255 Motion II. Rule 60(c)(1) provides that a motion under Rule 60(b) must be filed "within a reasonable time" and, for reasons (1),

---

(...continued)
limit a court's power to set aside a judgment for fraud on the court." Previously, such claims were brought under 60(b).

(2), and (3) in Rule 60(b), no more than a year after the entry of the judgment or order or the date of the proceeding being challenged. Fed.R.Civ.P. 60(c)(1); see also, e.g., Ferguson v. United States, No. 09-11723, 2010 WL 2428833 (11th Cir. Jun. 16, 2010) (unpublished). Sowers does not assert any reason justifying the lengthy delay in the filing of his instant motion, and, under the circumstances, this court concludes that the motion was not filed within a reasonable time.

Even if Sowers's attempt to seek relief under Rule 60(b) is deemed timely, it is nonmeritorious. Notwithstanding Sowers's present allegations, this court has thoroughly reviewed the § 2255 Motion I, as supplemented, and the § 2255 Motion III[6] and has determined that nowhere in these pleadings did Sowers assert a claim that his trial counsel rendered ineffective assistance by telling him, erroneously, that

_____

6. Sowers does not raise any claims in his instant motion with regard to his § 2255 Motion II or this court's rulings denying that motion.

9

the government had withdrawn its plea offer of five years' imprisonment and replaced it with an offer of 12 years in prison, and nowhere in these pleadings did he assert a claim that his trial counsel's allegedly erroneous advice that the five-year offer had been withdrawn prevented him from making an informed and voluntary choice when deciding to proceed to trial instead of pleading guilty. In the § 2255 Motion I, Sowers presented claims that his trial counsel was ineffective for: (1) improperly advising him that his maximum sentencing exposure, should he be convicted by a jury, was 12 years in prison; (2) failing to counsel him properly about the advisability of accepting the government's plea offer of five years in prison; (3) failing to inform him that a government witness instrumental in connecting him to his codefendants would testify at trial; and (4) failing to follow his instructions to raise due-process and equal-protection claims based on selective prosecution. <u>See</u> Case No.

10

2:94cr62 - Doc. Nos. 1301 and 1576.  In addition, Sowers claimed that the cumulative effect of his counsel's errors amounted to ineffective assistance of counsel. Id.  In denying Sowers's § 2255 Motion I, this court addressed each of these claims and found each to lack merit.  Id. - Doc. Nos. 1673 and 1731.

In the § 2255 Motion III, Sowers claimed that the court-appointed attorney who represented him during the evidentiary hearing on his § 2255 Motion I rendered ineffective assistance of counsel in those proceedings by failing to obtain the testimony of the former U.S. Attorney who prosecuted his case in 1994.  See Case No. 2:94cr62 - Doc. No. 1900.  According to Sowers, such testimony would have provided material support for his claim in his § 2255 Motion I that his former trial counsel improperly advised him about the maximum sentence he could receive upon conviction and would have influenced this court to make credibility determinations in his favor (rather than in favor of his former trial

counsel).  Id.  This court denied the § 2255 Motion III, finding that Sowers did not have a constitutionally protected right to counsel in the proceedings on the § 2255 Motion I; that the alleged errors of Sowers's counsel in the proceedings on § 2255 Motion I did not go to the integrity of those proceedings; and that Sowers's claim concerning the allegedly deficient performance of his counsel in those proceedings was nothing more than an attempt by Sowers to present additional evidence in support of the claims he asserted in the § 2255 Motion I, making his nominal Rule 60(b) motion the practical equivalent of a successive § 2255 motion.  Id. - Doc. Nos. 1904 and 1908.  For the reasons set forth above, then, there is no merit to Sowers's present contention that this court neglected to adjudicate a claim for relief presented in his § 2255 Motion I and his § 2255 Motion III.

Furthermore, even if such a claim could be read into any of the allegations set forth by Sowers in the prior

§ 2255 motions, this court has already made findings of fact that reject Sowers's present assertion that the prosecutor in his case did not withdraw the offer of a five-year sentence. In the recommendation of the magistrate judge that the § 2255 Motion I be denied (which was later adopted by the court), the magistrate judge made the following relevant findings of fact based on testimony presented at the evidentiary hearing on the § 2255 Motion I:

> "The court finds that at the outset of the criminal case counsel secured for the defendant an extremely favorable plea offer and fully apprised the defendant of the advisability of accepting the offer. The offer was that in exchange for the defendant's plea of guilty to the conspiracy count and truthful testimony about every connection he had with the other defendants, Sowers would receive a maximum of five years' imprisonment with the possibility of the government seeking a downward departure pursuant to U.S.S.G. 5K1.1. The defendant rejected this because he insisted he was not guilty of conspiracy.
>
> "Some time after counsel's initial attempt to persuade Sowers to accept a plea bargain, counsel learned that one of the other conspirators had agreed to a plea bargain.

'I went back to Mr. Teschner [the prosecutor]. At that point in time Mr. Teschner was not terribly interested in Mr. Sowers entering into a five-year plea agreement with him testifying, and he said that if [didn't] want to testify, which is what Mr. Sowers told me, that he did not want to testify, based on the two controlled buys, his past record, that under the Sentencing Guidelines if he entered a plea prior to trial it would be a twelve-year sentence and that Mr. Teschner's agreement was that he would go only with the amount of cocaine that would have made up that twelve-year sentence.'

"(Evidentiary Hr'g Tr. at 30.)

"Counsel presented this offer to Sowers and recommended that he accept it. Sowers rejected this offer based on his belief that the government would be unable to tie him to the amount of cocaine which would support the twelve-year sentence."

Case No. 2:94cr62 - Doc. No 1673 at 11-12.

Thus, Sowers's current assertion that the prosecutor in his case did not withdraw the plea offer of five years' imprisonment--and that his former trial counsel was ineffective for telling him that this offer had been withdrawn--is contrary to the magistrate judge's findings

of fact. Sowers cannot use his instant motion to relitigate an issue already litigated, and decided adversely to him, in the proceedings on his § 2255 Motion I. His claim that the five-year plea offer was not withdrawn by the government has already effectively been rejected. Consequently, he fails to demonstrate any "fundamental defect" in the proceedings on his § 2255 Motion I or his § 2255 Motion III to warrant relief under Rule 60(b).

Nor has Sowers demonstrated that, for purposes of Rule 60(d), a "fraud was committed on the court" when his former trial counsel testified at the evidentiary hearing on the § 2255 Motion I that the government withdrew the offer of five years' imprisonment after Sowers rejected the government's plea offer.[7] With this allegation, Sowers is seeking to have the court revisit a credibility

_____

7. Under Rule 60(d), no limitations period diminishes "a court's power to (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; [or] ... (3) set aside a judgment for fraud on the court." Fed.R.Civ.P. 60(d)

determination that has already been made.[8]  In claiming that the government did not withdraw the five-year offer, Sowers points to affidavits he obtained from the former prosecutor in his case (which were attached to the § 2255 Motion III), in which the former prosecutor avers, in response to questions that a private investigator propounded to him on behalf of Sowers, that he does not recall changing the five-year plea offer to 12 years and that it was not his practice to "change offers in that way."[9]  Case No. 2:94cr62 - Doc. Nos 1901-12 and 1901-13. However, in these same affidavits, the former prosecutor also avers, in response to a question as to whether the five-year deal was "good until one week before trial" (as

_____

8.  In the recommendation that the § 2255 Motion I be denied, the magistrate judge found that Sowers's testimony at the evidentiary hearing on the motion was full of obvious internal inconsistences; was contradicted by evidence presented at trial; and was not worthy of belief. Case No. 2:94cr62 - Doc. No 1673.

9.  The court notes that these affidavits were apparently obtained in June 2006 and February 2007, more than a decade after the former prosecutor dealt with Sowers's case.

Sowers's trial counsel testified at the hearing on § 2255 Motion I), "I do not remember exactly, but that would have been the type of offer I would have made." Doc. No. 1901-12 at 2. Thus, the former prosecutor's answers are ultimately inconclusive on the question of whether the five-year deal was withdrawn in Sowers's case; do not demonstrate the falsity of the testimony of Sowers's trial counsel; and arguably even support trial counsel's testimony that the five-year deal was no longer on the table when Sowers chose to proceed to trial. The statements by the former prosecutor in the affidavits fall far short of establishing commission of a fraud on the court by Sowers's trial counsel--or by the government. Because Sowers fails to demonstrate that his former trial counsel testified untruthfully or that the government knowingly acquiesced in the presentation of false testimony, he is not entitled to any relief under Rule 60(d).

This court would also point out that Sowers's present claim that his trial counsel told him that the government withdrew the five-year deal before he proceeded to trial is wholly contrary to Sowers's testimony at the evidentiary hearing on the § 2255 Motion I, where Sowers testified that his trial counsel did not tell him that the five-year deal was withdrawn and maintained that trial counsel's only reference to a potential 12-year sentence was with regard to the sentence he could receive if he proceeded to trial and was convicted. Case No. 2:94cr62 - Doc. No. 1901-7 at 4 (Evidentiary Hr'g Tr. at 10-11), 6 (Evidentiary Hr'g Tr. at 20-21), and 7 (Evidentiary Hr'g Tr. at 22). Sowers's changing story on this matter only serves to highlight the fact that he, through his instant motion, is attempting to advance a new claim that, at bottom, is an attack on his convictions and sentence rather than some real infirmity in the proceedings on his previous § 2255 motions. Once

again, therefore, Sowers has filed what amounts to a successive § 2255 motion.

When a pro se petitioner brings a motion under Rule 60, the district court may appropriately construe it as a § 2255 motion, and, if applicable, treat it as an unauthorized second or successive motion.  <u>Williams v. Chatman</u>, 510 F.3d 1290, 1293-95 (11th Cir. 2007).  If construed as a second or successive motion, the district court lacks subject-matter jurisdiction.  <u>Id</u>. at 1295.  In <u>Gonzalez v. Crosby</u>, 545 U.S. 524 531-32 (2005), the Supreme Court provided guidance as to how prisoner claims under Rule 60 should be construed.[10]  If the motion seeks to add a new ground for relief from the underlying

_____

10.  <u>Gonzalez</u> addressed this issue in the context of a 28 U.S.C. § 2254 petition for habeas-corpus relief. However, the Eleventh Circuit recognizes that "the principles developed in habeas cases also apply to § 2255 motions."  <u>Gay v. United States</u>, 816 F.2d 614, 616 n.1 (11th Cir. 1987).  Moreover, the Eleventh Circuit has stated that the holding and rationale of <u>Gonzalez</u> apply equally to § 2255 and § 2254 habeas proceedings.  <u>El-Amin v. United States</u>, No. 05-1276, 172 Fed.Appx. 942 (11th Cir. Mar. 28, 2006); <u>United States v. Terrell</u>, No. 02-14997, 141 Fed.Appx. 849 (11th Cir. Jul. 19, 2005).

judgment of conviction or sentence, or otherwise attacks
the district court's resolution of any original § 2255
claims on the merits, then the court should construe the
Rule 60 action as a second or successive § 2255 motion and
dismiss it accordingly.[11]  Id.; see also Williams, 510 F.3d
at 1293-94.

As noted above, Sowers attempts to advance a new claim
that actually attacks his convictions and sentence.
Because Sowers has not obtained pre-certification from the
Eleventh Circuit to file a successive § 2255 motion, the
instant motion (Sowers's fourth § 2255 motion) is due to
be summarily dismissed.  See, e.g., Farris v. United
States, 333 F.3d 1211, 1216 (11th Cir. 2003); Boone v.

_____

11. By contrast, "when a Rule 60(b) motion attacks,
not the substance of the federal court's resolution of a
claim on the merits, but some defect in the integrity of
the federal habeas proceedings," courts should not treat
the Rule 60 action as a successive § 2255 motion.
Gonzalez, 545 U.S. at 532-33; see also Williams, 510 F.3d
at 1294.  Such actions can be ruled on by the district
court without the pre-certification from the court of
appeals that is ordinarily required for a second or
successive § 2255 motion.  Gonzalez, 545 U.S. at 538.

<u>Secretary, Dept. of Corrections</u>, 377 F.3d 1315, 1317 (11th Cir. 2004).

***

Accordingly, and for good cause, it is ORDERED that defendant Frank Sowers's motion for relief from judgment (Doc. No. 2016) is denied.

DONE this 24th day of July, 2012.

<u>/s/ Myron H. Thompson</u>
UNITED STATES DISTRICT JUDGE